IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | : | |
|---|---|---|
| **BARTLOMIEJ JAKUBIEC,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| v. | : | CIVIL ACTION |
| | : | |
| **CAMP NOCK-A-MIXON, INC., ET AL.,** | : | NO. 10-4244 |
| | : | |
| **Defendant.** | : | |
| | : | |

MEMORANDUM OPINION

Tucker, J.                                                                                     March ____, 2011

      Presently before the Court is Defendant Camp Nock-A-Mixon's Motion to Dismiss (Docs.9-10) and Plaintiff's Response in Opposition thereto (Doc. 13). Upon careful consideration of the parties submissions, the Court will grant the motion in part.

**I.**            **INTRODUCTION AND PROCEDURAL HISTORY**

      This action arises from a jet ski accident. Plaintiff, Bartlomiej Jakubiec ("Plaintiff") initiated the instant negligence action against Defendants Camp Nock-A-Mixon, Inc. ("Camp") and Timothy Lippincott ("Lippincott") on August 20, 2010. Plaintiff seeks judgment against Defendants for an amount in excess of $150,000.00. The parties' pleadings reflect that Plaintiff is an adult citizen of the Republic of Poland. (Am. Compl. ¶ 1.) Defendant Camp is a Pennsylavnia Corporation doing business within the Commonwealth of Pennsylvania. (Am. Compl. ¶ 2.) Defendant Lippincott is a citizen of the Commonwealth of Pennsylvania. Both Plaintiff and Defendant Lippincott were employed by Defendant Camp. (Am. Compl. ¶¶ 3, 6.) The amount in controversy set forth in Plaintiff's Amended Complaint is $150,000.00, thus exceeding the jurisdictional requirement of $75,000.00. (Am. Compl. ¶4.) Therefore, jurisdiction in this Court is proper pursuant to 28 U.S.C. §

1332.

On August 20, 2010, Plaintiff filed a Complaint against Defendants. (Doc. 1) In response, Defendant Camp filed a Motion to Dismiss on September 20, 2010. (Doc.4) Thereafter, on October 16, 2010, Plaintiff filed a Motion for Leave to File an Amended Complaint. (Doc. 6) The Court issued an Order granting Plaintiff's motion and denying Defendant Camp's motion on January 4, 2011. (Doc.7) The same day, January 4, 2011, Plaintiff filed an Amended Complaint. (Doc. 8) Subsequently on January 24, 2010, Defendant Camp again filed another Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). (Docs.9-10)

## II. FACTUAL BACKGROUND

On or about August 20 2008, while Plaintiff was an employee at Defendant Camp's facility, Plaintiff was seriously injured when Defendant Lippincott allegedly prodded Plaintiff, a twenty year old man to go onto a "pontoon-like" attachment to a jet ski which belonged to Defendant Camp. (Am. Compl.¶¶ 6, 7,8.) Defendant Lippincott allegedly pulled Plaintiff wildly around a lake causing an accident in which Plaintiff sustained severe injuries. (Am. Compl. ¶¶ 7-9.) A lake, which Plaintiff alleges was owned and controlled by Defendant Camp. (Am. Compl. ¶15.) Plaintiff avers that Defendant Lippincott was negligent in the operation of the jet ski by operating it at too high a speed and too wildly for a beginner water skier such as Plaintiff. (Am Compl. ¶¶ 8-10.) Further, Plaintiff alleges that Defendant Camp failed to monitor its lake and equipment and to establish proper rules to prevent users from harm. (Am. Compl.¶ 16.) As a result of the accident, Plaintiff suffered a high grade right kidney laceration, a low grade liver laceration, and fracture of his left iliac bone. (Am. Comp.¶ 11.) Plaintiff alleges that the residual effects of these physical injuries are permanent. (Am. Compl. ¶12.)

Plaintiff's Amended Complaint asserts the following three claims. Count I against Defendant Lippincott asserts a cause of action for negligence. Count II and Count III against

Moving Defendant asserts a cause of action for vicarious liability and independent corporate negligence respectively.

**III.         LEGAL STANDARD**

**A.     Motion to Dismiss Pursuant to Federal Rule 12(b)(6)**

On a motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6), the court is required to accept as true all allegations in the complaint and all reasonable inferences that can be drawn therefrom, and to view them in the light most favorable to the non-moving party. See Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1384 (3d Cir. 1994). A complaint should be dismissed only if the alleged facts, taken as true, fail to state a claim. See In re Warfarin Sodium Antitrust Litig., 214 F.3d 395, 397-98 (3d Cir. 2000). The question is whether the claimant can prove any set of facts consistent with his or her allegations that will entitle him or her to relief, not whether that person will ultimately prevail. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); Semerenko v. Cendant Corp., 223 F.3d 165, 173 (3d Cir. 2000).

While a court will accept well-pled allegations as true for the purposes of the motion, it will not accept bald assertions, unsupported conclusions, unwarranted inferences, or sweeping legal conclusions cast in the form of factual allegations. Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997). The United States Supreme Court has recognized that "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly et.al., 550 U.S. 544, 555 (2007). Such allegations are "not entitled to the assumption of truth" and must be disregarded for purposes of resolving a 12(b)(6) motion to dismiss. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950 (2009). In Twombly the Court made clear that it would not require a "heightened fact pleading of specifics," but only "enough facts to state a claim to relief that is plausible on its face." Id. at 570. A "pleader is required to 'set forth sufficient information to outline the elements

of his claim or to permit inferences to be drawn that these elements exist.'" Kost v. Kozakiewicz, 1 F.3d 176, 183 (3d Cir. 1993) (citation omitted).

In 2009 the United States Supreme Court revisited the requirements for surviving a 12(b)(6) motion to dismiss in Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950 (2009). There the Court made clear that "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements [are] not suffice" to defeat a Rule 12(b)(6) motion to dismiss. Id. at 1949. In evaluating whether a Plaintiff has has met the pleading requirements, a district court must identify "the 'nub' of the . . . complaint - the well-pleaded, nonconclusory factual allegation[s]." Id. "[O]nly a complaint that states a plausible claim for relief [will] survive[] a motion to dismiss." Id. at1950.

In light of the decision in Iqbal, the Third Circuit set forth a two-part analysis to be applied by district courts when presented with a 12(b)(6) motion. First, the court must separate the legal elements and factual allegations of the claim, with the well-pleaded facts accepted as true but the legal conclusions disregarded. Fowler v. UPMC Shadyside, 578 F.3d 203, 210-11 (3d Cir. 2009). Second, the court must determine whether the facts alleged in the complaint demonstrate that the plaintiff has a "plausible claim for relief." Id. at 211. If the court can only infer the mere possibility of misconduct, the complaint must be dismissed because it has alleged but has failed to show -- that the pleader is entitled to relief. Id.

IV.                                        DISCUSSION

A.     Vicarious Liability

Defendant Camp seeks dismissal of Count II of Plaintiff's Amended Complaint on the basis that the allegations fail to satisfy the pleading requirements of Fed. R. Civ. P. 12(b)(6). Count II of the Amended Complaint sets forth a claim for vicarious liability against Defendant Camp for the acts committed by its employee, Defendant Lippincott. In support of the motion to dismiss, Defendant

Camp highlights that Plaintiff makes only one averment in support of his claim for vicarious liability. (Def.'s Mem in Support of Mot. To Dismiss 4.)

In Pennsylvania, an employer is held vicariously liable for the negligent acts of an employee that cause injuries to third parties, provided that such acts were committed during the course of and within the scope of employment. See Joseph M. v. Northeastern Educational Intermediate Unit 19, 516 F.Supp.2d 424, 445 (M.D.Pa.2007); Valles v. Albert Einstein Med. Center, 758 A.2d 1238, 1244 (Pa. Super. Ct. 2000). "A plaintiff need not allege all of the details of an agency relationship for the purposes of vicarious liability, he need only '(1) identify the agent by name or appropriate description; and (2) set forth the agent's authority, and how the tortious acts of the agent either fall within the scope of that authority, or, if unauthorized, were ratified by the principal.'" Sabrick v. Lockheed Martin, 2010 WL 569574*5 (2010) (citing Alumni Association v. Sullivan, 369 Pa.Super. 596, 535 A.2d 1095, 1100 n. 2. (Pa.Super.1987)). It is not necessary that principal authorize, justify, participate in or know of such conduct, as long as they occurred within the agent's scope of employment. Travelers Cas. & Sur. Co. v. Castegnaro, 565 Pa. 246, 252, 772 A.2d 456, 460 (2001); Aiello v. Ed Saxe Real Estate, Inc., 508 Pa. 553, 559, 499 A.2d 282, 285 (1985)). "However, where an employee "for purposes of his own departs from the line of his duty so that for the time being his acts constitute an abandonment of his service," liability does not attach. Rios v. Cabrera, 2010 U.S. Dist. LEXIS 130374 *10 (M.D. Pa. 2010) (citations omitted).

Defendants argue that vicarious liability is improper here because the Amended Complaint fails to aver that the alleged negligent act occurred within the scope of Defendant Lippincott's employment. The Court agrees. Applying, the above-stated principles to the instant action the Court finds that Plaintiff has failed to allege that Defendant Lippincott's conduct occurred during the scope of his employment. There is no dispute that Defendant Lippincott was an employee of Defendant camp, however, that does not end the inquiry. The challenged action must have occurred within the

scope of the Defendant Lippincott's employment. "Conduct of an employee is within the scope of employment if "'it is of a kind and nature that the employee is employed to perform; [and] it occurs substantially within the authorized time and space limits. . . . '" Brautigam v. Fraley, 684 F.Supp.2d 589, (M.D.Pa.2010) (quoting Maute v. Frank, 441 Pa.Super. 401, 657 A.2d 985, 986 (Pa. Super. Ct.1995)). See also Matsko v. United States, 372 F.3d 556, 559-60 (3d Cir.2004). That Defendant Lippincott allegedly used an apparatus which belonged to Defendant Camp is insufficient to establish that the acts took place during the scope of his employment. Plaintiff has not averred that the act alleged (i.e., pulling Plaintiff, a co-worker wildly around a lake in a jet ski at too high a speed for a beginning skier) was one Defendant Lippincott was employed to perform. Furthermore, Plaintiff has failed to allege that Defendant Camp, as the principal, adopted the alleged negligent acts of Defendant Lippincott, its agent.

In opposition, Plaintiff argues that his averment that Defendant Lippincott was "**at all times relevant to this action,**" an employee or agent of Defendant Camp satisfies the requirement that Lippincott's actions occurred within the scope of his employment. (Pl.'s Resp. In Opp'n 2) The Court rejects this argument. That Lippincott was employed by Defendant Camp during the summer of 2008, when these acts allegedly occurred, does not in and of itself transform every action undertaken by him as one undertaken in the course of his employment. Contrary to Plaintiff's suggestion, the Court does not require "additional magical words," but merely requires that Plaintiff actually take notice of, and satisfy the pleading requirements set forth in Fed. R. Civ. P. 12(b)(6). The rule mandates that Plaintiff include "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. Plaintiff has not. Accordingly, the Court will dismiss Count II of Plaintiff's Amended Complaint.

B.      Independent Corporate Negligence

Defendant Camp challenges Count III of Plaintiff's Amended Complaint on the grounds that

it fails to state a claim for independent corporate negligence. Plaintiff counters that he has adequately pled a negligence claim in that he alleged that "Defendant Camp failed to monitor its lake and equipment and to establish proper rules so as to prevent users thereof, such as Plaintiff from being subjected to wild activity on the waters by others." (Pl.'s Resp. In Opp'n 3.) To prevail on an independent corporate negligence claim, the plaintiff must plead and prove 1) a duty recognized by law requiring the actor to conform to a certain standard of conduct; 2) failure by the actor to observe this standard; 3) causation between the conduct and injury; and 4) actual damages. See R.W. & C.W. v. Manzek, 585 Pa. 335, 888 A.2d 740, 746 (Pa. 2005). In essence, corporate negligence is a direct theory of liability which contemplates some form of negligence and is not simply a vicarious theory of liability based on the negligence of its employees. In support of its motion to dimiss the instant claim, Defendant Camp merely states that "Plaintiff has failed to establish any of the four elements necessary to make a claim of negligence. There is no mention of any duty, breach of duty, causation or damages within Plaintiff's Third Cause of action." (Def.'s Mem in Support of Mot. To Dimiss 5) The Court disagrees. Although Plaintiff's Amended is extremely bare bones, it sets forth sufficient facts to state a claim to relief that is plausible on its face. Accordingly, Plaintiff's claim for independent corporate negligence may proceed. The Court will deny Defendant Camp's motion to dimiss Count III of Plaintiff's Amended Complaint.

C. <u>Request to Strike Averments of Recklessness</u>

Last, Defendant Camp asks the Court to strike all allegations of recklessness included in

Plaintiff's Amended Complaint.[1] In doing so, Defendant Camp seeks to prevent Plaintiff from seeking punitive damages. In support of this argument, Defendant Camp states that the Plaintiff does not set forth sufficient facts to support any claim for reckless conduct which could from the basis for punitive damages.

Pennsylvania recognizes the principles set forth in § 908(2) of the Restatement (Second) of Torts. This section provides that:

> Punitive damages may be awarded for conduct that is outrageous, because of the defendant's evil motive or his reckless indifference to the rights of others. In assessing punitive damages, the trier of fact can properly consider the character of the defendant's act, the nature and extent of the harm to the plaintiff that the defendant caused or intended to cause and the wealth of the defendant.

Restatement (Second) of Torts § 908 (2).

Pennsylvania courts have adopted a strict interpretation of recklessness and have held that a jury may award punitive damages only where the evidence shows the defendant knows, or has reason to know, of facts which create a high degree of risk of physical harm to another, and deliberately proceeds to act in conscious disregard of, or indifference to, that risk. Martin v. Johns-Manville Corp., 508 Pa. 154, 494 A.2d 1088, 1097 (Pa. 1985). A finding of reckless indifference can be made where there is "some evidence that the person actually realized the risk and acted in conscious disregard or indifference to it" exists. Burke v. Maassen, 904 F.2d 178, 182 (3d Cir. 1990). In determining whether punitive damages are available, "the trier of fact can properly consider the character of the

---

[1] Plaintiff has not made a demand for punitive damages nor has Plaintiff stated a claim for recklessness. Defendant Camp's Motion to Strike appears to be in response to the following statement included in Plaintiff's Amended Complaint. "Defendant. Timothy Lippincott, negligently operated his jet ski, which belonged to defendant. Camp Nock-A-Mixon, in a reckless manner. without regard for the safety of the plaintiff. whom he was towing." (Am. Compl. ¶ 8.)

defendant's act, the nature and extent of the harm to the plaintiff that the defendant caused or intended to cause and the wealth of the defendant." Martin, 494 A.2d at 1096.

Here, Plaintiff simply alleges that Defendant Lippincott negligently operated his jet ski, in a reckless manner, without regard for the safety of the Plaintiff. whom he was towing. (Am. Compl. ¶ 8.) At this stage, the Court cannot say that the allegations made in Plaintiff's Amended Complaint do not establish recklessness on the part of Defendant Lippincott. Defendant Camp, as the moving party, bears the burden to show that Plaintiff has failed to state a claim for punitive damages. See Kehr Packages v. Fidelcor, Inc.., 926 F.2d 1406, 1409 (3d Cir. 1991). While, Defendant Camp has properly stated the law in Pennsylvania as it relates to recklessness, it has not satisfied its burden in establishing that the Court should grant its motion to strike all allegations of recklessness. This determination is one that is appropriate on a Motion For Summary Judgment where both parties have had the benefit of discovery, as discovery is necessary to determine whether Defendant Lippincott's conduct was so reckless that they warrant awarding punitive damages. See, e.g. Lindsay v. Kvortek, 865 F. Supp. 264, 269 (W.D. Pa. 1994) (noting "[a]t this early stage of the case, the Court cannot assume that plaintiffs will be unable to present any evidence to support a claim of punitive damages."). Id. Having determined that discovery is required to determine the validity of Plaintiffs' allegations of recklessness, the Court will deny Defendant Camp's motion to strike all allegations of recklessness.

V.                                         CONCLUSION

Accordingly, the Court will grant Defendant Camp's motion to dismiss Count II of Plaintiff's

Amended Complaint and will deny the motion as it relates to Count III. Additionally, the Court will deny Defendant Camp's Motion to Strike. Lastly, the Court notes that further amendment of the complaint would be futile.[2]

An appropriate order follows.

**BY THE COURT:**

**/s/ Petrese B. Tucker**

_____

**Hon. Petrese B. Tucker, U.S.D.J.**

---

[2] A court may deny leave to amend where amendment would be futile. See In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1434 (3d Cir.1997).